THE STATE *versus* THE INHABITANTS OF BREWER.

The inhabitants of a town are authorized by § 30 of c. 25 of R. S. of 1841, (re-enacted in R. S. of 1857,) to discontinue a town way at a meeting legally called for that purpose; no previous action of the selectmen being requisite to make such discontinuance effectual.

REPORT by APPLETON, J.

. INDICTMENT found at August term, 1857, against the defendants for not maintaining in repair a way in said town. called the *Rowell road.*

. It was admitted, under a plea of not guilty, that said road was out of repair during the time alleged, but the defendants denied their liability to keep said road in repair, and contended that it had been discontinued.

It appeared that said road was laid out as a private way, and, upon an article in the warrant for that purpose, was accepted at the annual spring town meeting of 1847.

Under an article in the warrant for that purpose, it was, at the annual spring town meeting of 1849, discontinued by the town. It did not appear that previous to such discontinuance

by the town, in 1849, any previous action of the selectmen was had in relation to it, more than to insert an article in the warrant to see whether the town would discontinue said road. It appeared that the selectmen did not determine any damages for the discontinuance to any person; that nothing, in any way, was done by them on that subject, and that no request was made to them by any person to do so.

The attorney for the State contended that defendants' liability existed for repair; and that the road was not legally discontinued, because no previous action, except as aforesaid, was had by said selectmen, and because no action was had upon the question of damages.

And, in order to present the questions arising to the full Court, the Judge presiding ruled, *pro forma*, that said objections, taken by the attorney for the State to the discontinuance, were good, and instructed the jury, upon the foregoing evidence and admissions, that the allegations in the indictment were made out, and they might render a verdict against the defendants; which they did.

Whereupon it was agreed that the case should be reported, and, if the full Court should be of opinion that the instructions were correct, said verdict is to stand; otherwise, the verdict is to be set aside and a *nolle prosequi* entered.

The case was argued by

*J. H. Hillard, County Attorney,* for the prosecution, and by

*Peters,* for the defendants.

The opinion of the Court was drawn up by

CUTTING, J. — It appears that the defendants were indicted, at the August criminal term of this Court, 1857, for not keeping in repair a road, which had been laid out as a private way. It is admitted that the road was out of repair, and the defence set up is that, at the annual spring town meeting of 1849, the same was discontinued by the town, upon an article in the warrant for that purpose. There is no record of any proceedings of the selectmen prior to the meeting, except the

insertion of the article in the warrant, and, for this reason, the counsel for the State contends that the road was not legally discontinued.    We have compared the 30th section of c. 25 of the R. S. of 1841, under which the proceedings of the town were had, with the 9th section of c. 118 of the statutes of 1821, and do not discover any material difference as to the mode provided in each for discontinuing town or private ways.    The last named section has received the construction of this Court, in *Latham* v. *Wilton*, 23 Maine, 125, where it was held, on a similar discontinuance of a town way, that no previous action of the selectmen was necessary, and we see no good reason for disturbing that decision.    We have heard of no complaint as to the statute, or its construction, and presume there has been none, for it was re-enacted in the R. S. of 1857, in substantially the same words.

According to the agreement of the parties, the verdict must be set aside, and a *nolle prosequi* entered.

TENNEY, C. J., RICE, HATHAWAY, APPLETON, and GOODENOW, J. J., concurred.